IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE RAFAEL GARCIA, #B07110
    Plaintiff,

vs.                                         Case No.: 3:13cv384/MCR/EMT

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action by filing a civil rights complaint (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 13). Plaintiff's amended complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 8), is presently under review by the undersigned.

    Now before the court is a Plaintiff's Motion for Emergent Medical Injunction (doc. 15), along with a Memorandum in support (doc. 20), which the court construes as a motion for preliminary injunctive relief and which is the subject of this report and recommendation.

    As with Plaintiff's amended complaint, the motion for preliminary injunctive relief concerns Plaintiff's medical condition, in which he alleges to have gastro-intestinal issues that require him to take medical precautions to keep from soiling himself and also an eye condition that causes pain and headaches. Plaintiff alleges that Defendants, medical staff members at Santa Rosa Correctional Institution, were responsible for discontinuing medication that would have alleviated his conditions or their symptoms. While the complaint and motion for injunctive relief are aimed at the Santa Rosa staff, Plaintiff now resides at the Reception and Medical Center at Lake Butler, Florida (docs. 23, 25).

    The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

    1.      There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.      There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.      The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant(s); and

    4.      The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

       The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).  This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).

       It is well-established that an inmate's claim for injunctive relief against prison officials is rendered moot when the prisoner is transferred to another prison facility.  *See* Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").  Thus, because Plaintiff's complaint and the instant motion both concern events occurring at Santa Rosa and officers at that institution, Plaintiff's transfer away from that facility has mooted his claim for injunctive relief.

       It also bears noting that, by separate order, Plaintiff will be directed to file a second amended complaint in order to state a proper claim for relief in this case.  While this circumstance alone would not extinguish his request for injunctive relief, it does tend to show that Plaintiff's allegations do not reflect a substantial likelihood of success on the merits.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Emergent Medical Injunction (doc. 15) be **DENIED** as moot.

At Pensacola, Florida, this 13th day of June 2014.

>/s/ *Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**