$8/1/14$

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE RAFAEL GARCIAL, #B07110
Plaintiff/Petitioner,

Vs.                                    CASE NO.: 3:13cv384/MCR/EMT

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,
Defendant/Respondent.

_____/

## OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION/AMENDED REQUEST FOR RELIEF

**COMES NOW**, the Plaintiff/Petitioner, pro se and pursuant to F.R.C.P., Rule 72(b)(2),

brings the following recommendations to the Magistrate's Recommended Denial of the

Plaintiff's Motion for Emergent Medical Injunction, that was ordered on June 13th, 2014.

Plaintiff would give the following back ground as a preclude to his formal objections.

### BACKGROUND

When the Plaintiff was assigned to the Santa Rosa Correctional Institution, he was

denied medical treatment of varying degrees by the Defendants, which are medical staff members

that at the time employed by the Department of Corrections.

In the Plaintiff's Motion for Emergent Medical Injunction, he provides the court with not

only a viable complaint of the Defendant's complete disregard to his serious medical needs, but a

1

total lack of the required medical care which is intrinsic of the Eighth Amendment's prohibition against cruel and unusual punishment.

When the Plaintiff arrived at Santa Rosa Correctional Institution, he had already been seen by numerous medical professionals within the Department of Corrections, as well as private medical personal outside the Department. The one thing that can be agreed upon by all of those professionals is that, Inmate Jose Rafael Garcia, DC# B07110, was a man with very serious medical issues that he in the past was receiving treatment for, was currently on medication for and provided supplies to assist him with daily needs, but also, was expected to worsen as time progressed and would continue to require constant medical attention for these ongoing issues.

Upon his arrival at SRCI, was he not only received with a complete disregard towards his verified medical needs, he was constantly hindered in the process for ongoing medical treatment. In the Plaintiff's Motion for Emergent Medical Injunction, he provided medical grievances and grievances addressed to security proving the amount of constant resistance that he was receiving for no apparent reason, other than to cause the Plaintiff constant pain and suffering.

## OBJECTIONS

The Plaintiff formally objects to the Magistrate's recommendation that his Motion for Emergent Medical Injunction be denied as moot for the following reasons:

1.     In the Plaintiff's Motion, he gives facially sufficient claims of Eighth Amendment Rights violations including but not limited to; cruel and unusual punishment, the refusal of adequate medical care, and a non compliance of civilized standards, humanity and decency against which the court must evaluate penal measures. Please See in: **Gregoire v. Class**, 236 F.3d 413, 417 (8th Cir.2000) ("It is well established

that the prohibition on cruel and unusual punishment extends to protect prisoners from <u>deliberate indifference</u> to serious medical needs.")

2.   Also in the Plaintiff's Motion, he provides proof of being approved by the National Library Service for the Blind and Physically Handicapped, according to Florida Statute § 413.08 (1)(b). He also provides the Court with proof that he is a member of the National Federation of the Blind of Florida. And with these confirmations, also shows where he was <u>denied</u> ADA Accommodations by the Assistant Warden at SRCI. This showing by it's self is yet another confirmation of the total disregard of the Plaintiff's physical  welfare, and the mental anguish he has had to endure from this horrendous experience.

3.   The Plaintiff now shows that he has overcome the Magistrate Judge's assertion that the Plaintiff has not meet the four (4) requisites as set  out in **CBS Broadcasting, Inc. v. Echostar Communications Corp.,** 265 F.3d 1193 (11th Cir. 2001): 1) There is a substantial likelihood that Plaintiff will prevail on the merits; The Plaintiff has shown this by the lack of adequate medical treatment, as well as the complete lack of compliance of civilized standards. 2) There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted; Again, this has been shown to the extent that he was not receiving proper medical treatment. His physical ailments can not be treated by a one time visit to sick call, he needs constant competent medical treatment that only the Reception and Medical Center can provide for him. 3) The threatened injury to Plaintiff outweighs the threatened harm the

injunction will do to the defendant(s); If this Court grants the requested relief, there will be no harm to any of the named Defendants. The Plaintiff has no history of discipline problems and is not a violent man. The only thing this relief will do is insure that the Plaintiff is getting the medical care he needs. 4) The granting of the preliminary injunction will not disserve the public interest; It is most assuredly in the public's interest that the Plaintiff receive the medical treatment he is in need of. In no way is it in the public's interest that the Plaintiff be transferred back to a facility that refuses to comport with any inmate's Eighth Amendment Rights.

4.    The Plaintiff objects to the Magistrate's assertion that the Plaintiff has not established the burden of persuasion as to the four (4) requisites. Not only has the Plaintiff met all four of the requisites listed therein he also has established definite future injury if not granted the Injunctive Relief requested. In support of the above, it is a matter of fact that the Plaintiff's current place of confinement is the one and only facility in the State of Florida equipped to handle the Plaintiff's medical needs. By examining the history of the Plaintiff's incarceration it is reasonable to conclude that D.O.C. intends to transfer the Plaintiff yet again, establishing a clear and definite future injury.

5.    The Magistrate's assertion that the Plaintiff's request for relief is moot, fails in respect to the fact that the requested relief entails that the Plaintiff retains permanent medical treatment. As opposed to the sporadic medical treatment that the Plaintiff has received so far. Just because the Plaintiff has been transferred from SRCI does not cure the effect of the ongoing disregard for the Plaintiff's medical needs; only a court order for

4

the Department of Corrections to keep the Plaintiff housed at the Reception & Medical Center shall satisfy the request for relief herein.

**AMENDED RELIEF SOUGHT**

The Plaintiff now would request an amended form of relief in that an Injunction be placed on the Department of Corrections from transferring him back to Santa Rosa Correctional Institution, and that in said Injunction it is stipulated that he remain where he is currently housed so that he can continue to receive the type of medical care that he needs.

The reason for this amended form of relief is, as the Plaintiff has shown, SRCI can not provide him with the proper medical attention he needs, nor are they willing to conform to the standards as set forth by the Americans with Disabilities Act, which should be noted, the Reception & Medical Center does conform to these standards.

**WHEREFORE** the Plaintiff/Petitioner would pray this Court grant any and all relief it sees fit. Including but not limited to, granting the Plaintiff's Motion for Emergent Medical Injunction. And in so doing, making sure that the Plaintiff is being cared for to the best of the State's ability.

5

## **CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and correct copy of the foregoing has been sent by First Class

U.S. Mail to the below listed state agencies or individuals via hand delivery to prison officials on

this ___*01*___ day of *August*, in this year of 2014.

Attorney General's Office
The Capitol PL-01
Tallahassee, Florida 32399-1050

Respectfully submitted,

Jose Rafael Garcia
DC# B07110
Reception & Medical Center
P.O. Box 628
Lake Butler, Florida 32054

Jose Rafael Garcia #B07110
Reception and Medical Center-Main Unit
P.O. Box 628
Lake Butler, Florida 32054-0628

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

US POSTAGE >> PITNEY BOWES

ZIP 32054
02 1W
0001373989 AUG 04 2014
$ 000.69°

**LEGAL MAIL**

3125023565

United States District Court
1 N. Palafox St.
Pensacola, Florida 32502-5665