IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE RAFAEL GARCIA, #B07110
     Plaintiff,

vs.                                                              Case No.: 3:13cv384/MCR/EMT

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this action by filing a civil rights complaint (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 13).     Now before the court is a Motion for Injunctive Relief (doc. 34), in which Plaintiff seeks to prevent the Department of Corrections from continuing their alleged practice of transferring among correctional facilities.  Plaintiff states that he has been transferred six times since June of 2013, and he asserts that these transfers are retaliatory in nature and interfere with his right of access to the courts.  Plaintiff indicates he would like to stay at his current place of confinement because it is equipped to handle both his medical needs and his need for access to legal materials.

      The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1.     There is a substantial likelihood that Plaintiff will prevail on the merits;

2.     There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.     The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4.     The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

It is well established that prisoners have no right to remain in a particular institution with particular rules, regulations, and privileges.  *See* Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). As long as the conditions or degree of confinement to which a prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates.  *See* Montayne, 427 U.S. at 242.  Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.  *See* Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Newman v. Ala., 683 F.2d 1312, 1320 (11th Cir. 1982).

Prisoners do have a right to be free from retaliatory punishment and transfer for the exercise of a constitutional right.  *See* Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986); Bridges v. Russell, 757 F.2d 1155 (11th Cir. 1985).  Mere conclusory allegations of retaliation, however, are insufficient.  *See* Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986); *see also* Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987).  The prisoner plaintiff must sufficiently allege facts establishing that the actions taken against him were in retaliation for filing lawsuits and accessing the courts.  Wright, 795 F.2d at 968.

Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence" of retaliation.  Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)).  "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'"  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).  Plaintiff must

be prepared to show that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive,  Jackson v. Fair, 846 F.2d 811, 820 (1st  Cir. 1988), and he must allege a causal link between the protected activity and the adverse treatment.  Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Moreover, appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995)).  And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ." Crawford-El, 118 S. Ct. at 1596–97; Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); see also Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).

In support of his claim of retaliation, Plaintiff simply recites that he has filed the instant lawsuit and that he has been transferred six times over the past year.  Not only are these transfers the only inkling of evidence that Plaintiff has been subjected to retaliation, but the transfers actually seem to have benefitted Plaintiff because: 1) he now has left the institution where he received the allegedly inadequate medical attention that forms the basis of his civil complaint; and 2) he now resides at the Reception and Medical Center at Lake Butler, Florida, where he states his medical and legal needs are being met.  While Plaintiff may wish to remain at Lake Butler, he has not established that his transfers to this point reveal a retaliatory motive, and so his wish to no longer be transferred is unavailing.  As provided above, deference to prison officials in regard to their administrative decisions is required absent a clear retaliatory motive.

Even apart from Plaintiff's failure to establish a retaliatory motive, his motion fails because it has become moot as to Defendants.  As set out in the Report and Recommendation issued on Plaintiff's previous motion for injunctive relief, an inmate's claim for injunctive relief against prison officials is rendered moot when the prisoner is transferred to another prison facility.  See Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  This is because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial

Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).  This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

While the instant complaint concerns Plaintiff's medical condition, the instant motion raises the different matter of prison transfer, and Defendants, officials at Santa Rosa Correctional Institution, are not the proper aim of this motion for prospective relief.  The lone exception is the fact that Plaintiff named the Florida Department of Corrections as a Defendant to the complaint, but, leaving aside the appropriateness of naming such a defendant, the instant motion fails to draw any linkage between Plaintiff's transfers and the top of the Florida correctional hierarchy, much less any retaliatory linkage.

Finally, it bears noting that, by separate order, Plaintiff was directed to file a second amended complaint in order to state a proper claim for relief in this case.  While this circumstance alone would not extinguish his request for injunctive relief, it does tend to show that Plaintiff's motion does not reflect a substantial likelihood of success on the merits.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Injunctive Relief (doc. 34) be **DENIED**.

At Pensacola, Florida, this 14th day of August 2014.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**