IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE RAFAEL GARCIA,
Inmate No. B07110,
      Plaintiff,

vs.                             Case No.: 3:13cv384/MCR/EMT

MR. ROMO, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's third amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 56). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 13).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations

of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id. (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 678 (quotation and citation omitted).  And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the Third Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff claims he received inadequate medical treatment while incarcerated at Santa Rosa Correctional Institution Annex ("SRCI") beginning on May 14, 2013, and until his prison transfer away from that institution on February 20, 2014 (ECF No.

23).[1]  Specifically, Plaintiff states that he has an optic nerve issue as well as chronic pain on the left side of his face (ECF No. 56 at 5).  He claims that, while a previous doctor had prescribed a regimen of medication for him, primarily the drug Lyrica for pain, his new doctor at SRCI, the Defendant Dr. Rummel, discontinued the Lyrica. Plaintiff also states that he was previously receiving diapers to help with rashes and other symptoms he was having because of his incontinence problem, but Dr. Rummel reduced the number of diapers from eight to three per day and "after four weeks ordered the total of supplies [sic]" (*id.* at 7).  Plaintiff also had medical passes which were taken away.   Plaintiff additionally states that he had undergone ophthalmological, neurological, and urological examinations and evaluations, but he fails to state the relevance of these examinations or their outcomes (*id.* at 6–7). Plaintiff states that Dr. Rummel "interfered with his prescribed pain medication" and that as a result he stays in his bed instead of walking with his cane (*id.* at 8–9).[2]

Accordingly, Plaintiff claims Defendant was deliberately indifferent to his medical needs while at SRCI.  As relief, he asks for "justice" and attorney's fees.

---

[1] Plaintiff is currently housed at the Northwest Florida Reception and Medical Center (ECF No. 57).

[2] Although Plaintiff mentions "neuropathy" and "neurological dysfunctions" in passing (ECF No. 56 at 5, 9), he does not explain his need for a cane, nor does he explain how his condition may have worsened.

It is well settled that the government has a constitutional duty under the Eighth Amendment to provide minimally adequate medical care to prisoners.  Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).  Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of negligence or malpractice do not rise to the level of constitutional violations.  *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  Even a grossly negligent failure to take into account a risk to a prisoner's health is not actionable.  *See* Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996).  The official must be consciously aware of the medical condition and the need for effective treatment and then callously or recklessly disregard it.  *See* McElligott v. Foley, 182 F.3d 1248, 1257–58 (11th Cir. 1999).

An Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S. Ct. 774, 148 L. Ed. 2d 673 (2001).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"  *Id.* (quoting Wilson v. Seiter, 501

U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)).  Thus, an objectively serious deprivation of medical treatment requires a showing that the response made by defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105–06, 97 S. Ct. at 291–92 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).  To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference."  Estelle, 429 U.S. at 105.  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the

dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). Thus, a difference in medical opinion as to an inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  *Id.* at 1505.  To find otherwise would be "to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

Plaintiff bases his claim on the allegation that Defendant Dr. Rummel "interfered with" his previously prescribed medical treatment, predominantly his Lyrica prescription for pain.  As Plaintiff has been informed in at least two of the court's previous orders to amend,  a difference of medical opinion as to his course of treatment does not amount to a constitutional violation.  Plaintiff does not contest that Dr. Rummel is a bona fide physician, and as such Dr. Rummel's medical judgment calls—even if they could be shown to evince gross negligence—do not violate the Eighth Amendment.  Cottrell, 85 F.3d at 1490-91.  Additionally, Plaintiff provides little more than conclusory allegations that he has suffered increased symptoms *on account of* Dr. Rummel's medical interventions, and the complaint is bereft of any sort of linkage between a specific medication and a specific symptom.  In short, Plaintiff

simply disagrees with his doctor's medical choices, and this is insufficient to establish deliberate indifference.

Moreover, Plaintiff's claim for relief is that he be provided "justice," which the court broadly construes under the facts of the complaint as a prayer for injunctive relief to be provided the medical treatment he desires.  While this is ordinarily an appropriate claim for relief, under the circumstances this form of relief is not available to Plaintiff because he was transferred to another institution in 2014.  An inmate's claim for injunctive relief against prison officials is rendered moot when the prisoner is transferred to another prison facility.  *See* Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").  As a result of Plaintiff's transfer, Defendant Rummel is unable to provide the medical treatment changes that Plaintiff would want, as Plaintiff is now in the hands of the medical staff at his current institution—staff who, like Defendant Rummel before them, may elect to again change Plaintiff's medical regimen.

Finally, Plaintiff's ancillary claim for attorney's fees is unavailing given the fact that his claim is not actionable and therefore he cannot be deemed a prevailing party. And, even if Plaintiff could have prevailed, no attorney's fees may be awarded to

prevailing pro se litigants in civil rights actions.  Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991); Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001); Ray v. U.S. Dept. of Justice, 87 F.3d 1250, 1251–52 (11th Cir. 1996); Celeste v. Sullivan, 988 F.2d 1069, 1070 (11th Cir. 1992).

Accordingly, it respectfully **RECOMMENDED**:

1.     That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3.     That all pending motions be denied as moot.

At Pensacola, Florida, this 21ˢᵗ day of April 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**